FERNANDO SIERRA BERDECÍA, COMMISSIONER OF LABOR, ETC., Plaintiff and Appellant, *v.* JOSÉ WILFREDO CINTRÓN ET AL., Defendants and Appellees.

No. 10422. Argued June 1, 1951.—Decided June 13, 1951.

*Joaquín Gallart Mendía* and *Pedro Santana* for appellant. *Córdova & González* and *Alberto Picó* for appellees.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On behalf and for the benefit of certain workers, the Commissioner of Labor of Puerto Rico filed a complaint in the District Court of San Juan in which he substantially alleged that defendant Arturo Picó, Jr., was the owner of a steel building located in Río Piedras, and that the other defendant was the contractor which the former utilized for said construction; that the employees on whose behalf and for whose benefit he is suing worked for said defendants in the above-mentioned work, as follows:

(*a*) Carmelo Martínez, as master-builder and foreman, 61¾ regular hours at the rate of $1.10 per hour, between October 7 and 15, 1948;

(*b*) Leoncio Montañez, as master-builder, 56 hours at the rate of 82 cents per hour, between October 7 and 14, 1948, of which 44 are regular and 12 extra;

(*c*) Luis Torres, as master-builder, 113¾ hours between September 30 and October 15, 1948 at the rate of 60 cents per regular hour, 105 being regular and 5¾ extra hours; and

(*d*) Santos Rivera, as master-builder, and at the rate of 60 cents per regular hour, worked 106¾ hours between October 1 and 15, 1948, 98¾ being regular and 8 extra, hours.

That the defendants have refused and still refuse to pay to said workers the sums of money they owe to each of them; and that in addition to the $277.41 owed by the defendants to said workmen, an equal amount is claimed from the former as penalty.

After the court issued the corresponding summons and the defendants were served therewith, only Picó, Jr.,[1] ap-

---

[1] The codefendant José Wilfredo Cintrón did not appear in the record and on April 20, 1950 judgment was entered against him at the instance of the plaintiff.

peared. He alleged in his answer, among other special defenses, that the complaint does not state facts constituting a good cause of action against him and that the same has prescribed. Subsequently the lower court entered judgment sustaining the plea of prescription. The plaintiff appealed from that judgment. He claims in his brief that the lower court erred "in deciding that the cause of action in the instant case did not lie against the defendant Arturo Picó, Jr., on the ground that the complaint was filed over one year after the work for which payment is claimed by the workmen involved therein had been performed."

██ In discussing that error the appellant asserts that since a personal action for unpaid wages under Mandatory Decree No. 11 [2] had been established in this case, the right of the workers to claim the wages earned does not prescribe until three years after the respective services have ceased to be rendered, citing § 1867 of the Civil Code, 1930 ed., and *Muñoz* v. *District Court*, 63 P.R.R. 226; he agrees that had a claim for wages to execute the lien provided by law on the work owned by Arturo Picó, Jr., been established in the case at bar, said action would have prescribed on the grounds advanced by the defendant in his special defenses; he admits that he is not trying here to execute the legal lien constituted on the work where the workman or employee has failed to receive the amount of his wages, and that on the contrary the action established is a personal action for unpaid wages which is in nowise directed to execute any lien whatsoever on the building constructed by the workmen for the codefendant Picó, Jr.; and he finally states that a construction workman has two means of collecting from his employer the wages earned: (1) by executing the lien established by Act No. 73 of May 4, 1931, which means he

[2] Mandatory Decree No. 11 approved May 31, 1946 and amended on October 2 following, establishes minimum wages, maximum working periods and labor conditions for the employees in the construction industry.

must utilize within the year after the work for which payment is claimed has been finished; and (2) the personal action for unpaid wages, which he may exercise within three years after having rendered the services to his employer.

Act No. 73 of 1931 (Sess. Laws, p. 458) provides that the total amount of the wages earned by a worker or employee who works in the construction, extension, maintenance or repair of any improvement, house or building shall constitute a lien on said property and that the said lien shall have preference as to payment over all other debts of the property owner, with the exceptions provided by law. It also provides in its § 4, as amended by Act No. 2 of February 28, 1942 (Sess. Laws, p. 282) that *"No action or claim may be established against the owner or grantee of any work one (1) year after the work for which payment is claimed has been finished."* (Italics ours.)

On the other hand, Act No. 379 of May 15, 1948 (Sess. Laws, p. 1254) to establish the working day in Puerto Rico, etc., in its § 10, after prescribing that in building, reconstruction, repair works, or works for the improvement of property, the employee shall be entitled to additional compensation on the basis of double wages for extra hours of work, as well as that in such cases the owner or the person for whom the works are constructed or the work is done shall be liable jointly with the contractor, subcontractor, *ajustador*, foreman, agent or representative of the employer for the payment of the wages earned in regular hours and extra hours of work, provides that *"no action or claim may be filed against the owner or grantee of the works one year after the work for which payment is claimed has been finished."* (Italics ours.)

It clearly appears from the statutory provisions stated above that regardless of whether it is a complaint in which the workman demands the execution of the lien mentioned in Act No. 73, *supra*, or the personal claim referred to in Act

No. 379 of 1948, the claim against the owner must be made within the year after the work for which payment is claimed has been finished.[3]

Since it appears from the complaint that the work was performed by the workers mentioned therein in September and October 1948, and said complaint was not filed in the lower court until February 7, 1950, the year contemplated in the aforesaid Acts had already expired. Therefore, the lower court acted correctly in sustaining defendant Picó, Jr.'s plea of prescription.

The judgment appealed from will be affirmed.

---

[3] Section 1867 of the Civil Code, 1930 ed., and *Muñoz* v. *District Court*, *supra*, cited by the appellant, are not applicable inasmuch as in the case at bar we have special provisions which specifically determine otherwise.